On October 25, 2012, the Defendant was sentenced to a deferred sentence of three (3) years for the offense of Criminal Possession of Dangerous Drugs (Methamphetamine), a felony, in violation of §45-9-102. The Defendant was ordered to pay a fine of $500 to the Missouri River Task Force.

On September 24, 2015, the Defendant's deferred sentence was revoked due to violations of conditions and she was sentenced to a commitment of five (5) years to the Department of Corrections for the offense of Count I: Criminal Possession of Dangerous Drugs (Methamphetamine), a Felony. The Court recommended the Defendant be placed in Elkhorn Treatment Facility, followed by Pre Release. All previously imposed conditions of Defendant's sentence were ordered to remain in full force and effect.

On April 8, 2016, the Defendant's Application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court (hereafter "the Division").

The Defendant appeared by video conferencing from the Elkhorn Treatment Center via the Jefferson County courthouse's Vision Net. She was represented by Peter Ohman of the Office of the State Public Defender. The State was not represented.

Before hearing the Application, the Defendant was advised that the Division has the authority not only to reduce the sentence or affirm it, but also increase it. The Defendant was further advised that there is no appeal from a decision of the Division. The Defendant acknowledged that she understood this and stated that she wished to proceed.

Rule 12, Rules of the Sentence Review Division of the Supreme Court of Montana, provides that, "The sentence imposed by the District Court is presumed correct. The sentence shall not be reduced or increased unless it is clearly inadequate or clearly excessive." (Section 46-18-904(3), MCA).

It is the unanimous decision of the Division that the sentence imposed is clearly excessive. The Division's decision is to amend the Judgment to **DECREASE the sentence to three (3) years to the Department of Corrections with no years suspended.** The reason for decreasing the sentence is that the Defendant initially received a three (3) year deferred sentence and at her revocation, received five (5) years, which is the maximum sentence for this offense. The record and Order Revoking Defendant's Deferred Sentence and Amended Judgment and Commitment do not provide any reasons for imposing the maximum sentence.

Done in open Court this 8th day of April, 2016.

DATED this 3rd day of May, 2016.

Hon. Brenda Gilbert, Chairperson, Hon. Kathy Seeley, Member and Hon. Brad Newman, Member.

**Montana Fourth Judicial District Court.**
**County of Missoula.**

**STATE OF MONTANA,**
    **Plaintiff,**
**-vs-**

**CAUSE NO. DC-09-625**
**DECISION**

**LAURRIE ANNE JEAKINS,**
   **Defendant.**

On October 2, 2015, the Defendant's suspended sentence was revoked for violation of conditions and was sentenced to a commitment of eight (8) years to the Montana Women's Prison, with four (4) years suspended. The terms and conditions of the suspended portion of the Judgment remained the same as those contained in the Judgment filed with the Court on June 10, 2010. The Defendant received credit for time served in the amount of two hundred and six (206) days.

On April 8, 2016, the Defendant's Application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court (hereafter "the Division").

The Defendant was present and was represented by Peter Ohman, of the Office of the State Public Defender. The State was not represented.

Before hearing the Application, the Defendant was advised that the Division has the authority not only to reduce the sentence or affirm it, but also increase it. The Defendant was further advised that there is no appeal from a decision of the Division. The Defendant acknowledged that she understood this and stated that she wished to proceed.

Rule 12, Rules of the Sentence Review Division of the Supreme Court of Montana, provides that, "The sentence imposed by the District Court is presumed correct. The sentence shall not be reduced or increased unless it is clearly inadequate or clearly excessive." (Section 46-18-904(3), MCA).

The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is clearly inadequate or clearly excessive.

Therefore, it is the unanimous decision of the Division that the sentence is AFFIRMED.

Done in open Court this 8th day of April, 2016.

DATED this 3rd day of May, 2016.

Hon. Brenda Gilbert, Chairperson, Hon. Kathy Seeley, Member and Hon. Brad Newman, Member.

**Montana Twelfth Judicial District Court.**
**County of Hill.**

**STATE OF MONTANA,**
   **Plaintiff,**                                  **CAUSE NO. DC-09-091**
-vs-                                               **DECISION**
**SUSAN MARIE MAGERA,**
   **Defendant.**

On November 30, 2015, the Defendant's suspended sentence was revoked and she was sentenced to the Department of Corrections for a period of two (2) years, for the offense of Criminal Distribution of Dangerous Drugs, a Felony. The Court recommended the Department of Corrections screen Defendant for